IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Mary A. Doran, | ) | Civil Action No. 2:18-cv-63-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The Elms of Charleston, Inc. and | ) | |
| Community Management Group, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant The Elms of Charleston, Inc.'s ("The Elms") motion to compel (Dkt. No. 23). For the reasons set forth below, the Court grants the motion.

**I.   Background**

Plaintiff owns a home in a development subject to Defendant The Elms, a homeowners' association. (Dkt. No. 1 at ¶¶ 12 – 19.) The Elms is managed by Defendant Community Management Group ("CMG"). (*Id.* at ¶¶ 13, 19.) Plaintiff alleges that she suffers from a serious medical condition, and therefore uses a wheelchair and has a service dog. (*Id.* at ¶¶ 13 – 14, 19.) Plaintiff alleges she has been subjected to discriminatory and negligent conduct by Defendants because of her medical condition. (Dkt. No. 1.) On January 9, 2018, Plaintiff filed a complaint alleging negligence and violations of the Federal and South Carolina fair housing laws. (*Id.*) Defendant The Elms now seeks to compel Plaintiff to execute an authorization allowing The Elms to obtain records from the Social Security Administration ("SSA"). (Dkt. No. 23.) Plaintiff opposes the motion. (Dkt. No. 25.)

**II.   Legal Standard**

Parties to a civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs

of the case...." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'") *quoting Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The court "must limit the frequency or extent of discovery...if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (internal quotation marks omitted). To enforce the provisions of Rule 26, under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

### III. Discussion

The Elms requests a signed authorization allowing it to obtain the SSA's records regarding Plaintiff Mary Doran. (Dkt. No. 23-2 at 2.) The Elms claims it requires this information since Plaintiff's SSA records includes a disability application, which Plaintiff placed at issue by alleging disability discrimination. (Dkt. No. 25 at 3.) The Court finds that the information sought is both relevant and proportional to the needs of the case.

Plaintiff alleges that as part of their discriminatory conduct, The Elms "summarily rejected" Plaintiff's requests for a "reasonable accommodation," and that the Defendants took actions and promulgated rules that discriminated against Plaintiff based on her disability. (Dkt. No. 1 at ¶¶ 37 – 42.) The nature and extent of Plaintiff's disability is therefore relevant to the

claims and defenses in this case. The Plaintiff's SSA records, which seemingly include an application for the disability benefits she receives from SSA, may contain information regarding the nature and extent of her disability. Plaintiff argues this is duplicative of medical records from the Medical University of South Carolina that she has already agreed to produce. (Dkt. No. 25 at 7.) However, the SSA records may include Plaintiff's own representations about the scope of her injury. For the same reasons, the fact that Plaintiff has admitted to having a disability does not negate the relevance of the SSA records. (Dkt. No. 25 at 5.) Furthermore, Plaintiff alleges emotional and mental distress from the Defendants action, and it is therefore relevant whether any alleged injuries arose before this action. (Dkt. No. 1 at ¶ 74.)

Finally, other district courts have similarly compelled production of a signed authorization for a plaintiff's social security records in cases involving allegations of disability discrimination. *See Tanner v. BD LaPlace, LLC*, No. CV 17-5141, 2018 WL 3528023, at *1 (E.D. La. July 23, 2018) (ordering plaintiff to provide signed authorizations for "his Social Security disability application" where he brought a claim under the ADA); *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 231 (N.D. Tex. 2016) (ordering plaintiff to sign "authorization or release" for his "application for Social Security benefits" where he alleged disability discrimination).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant The Elms' Motion to Compel (Dkt. No. 23) and Plaintiff is ordered to produce signed originals of the requested authorizations to Defendant The Elms within five (5) days of the date of this Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 8, 2018
Charleston, South Carolina